IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,783





ANTHONY BARTEE, Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 1997-CR-1659


IN THE 175TH JUDICIAL DISTRICT COURT


BEXAR COUNTY






 Per Curiam. Hervey, J., not participating.


O P I N I O N



 In May 1998, a jury found appellant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set appellant's punishment at death. This
Court affirmed appellant's conviction and sentence on direct appeal. Bartee v. State, No.
AP-73,126 (Tex. Crim. App. May 3, 2000)(not designated for publication). Appellant
filed his initial post-conviction application for writ of habeas corpus in the convicting
court on January 3, 2000. This Court denied appellant relief. Ex parte Bartee, No. WR-63,381-01 (Tex. Crim. App. Mar. 8, 2006)(not designated for publication). Appellant's
first subsequent application was filed in the trial court on April 20, 2011, and this Court
dismissed it. Ex parte Bartee, No. WR-63,381-02 (Tex. Crim. App. Sept. 14, 2011)(not
designated for publication). This Court dismissed his second subsequent application on
February 29, 2012. Ex parte Bartee, No. WR-63,381-04 (Tex. Crim. App. Feb. 29,
2012)(not designated for publication). 

 On March 1, 2012, the trial court granted appellant's motion for post-conviction
DNA testing and ordered additional testing. After the testing lab filed its report, the trial
court held a hearing and found that appellant had failed to show that, had the results of
the DNA testing been available during the trial of this offense, it is reasonably probable
that appellant would not have been convicted. Appellant filed an appeal which was
received by this Court on April 30, 2012. Appellant is scheduled to be executed on
Wednesday, May 2, 2012. He seeks relief on appeal from the trial court's finding and a
stay of his execution pending a final disposition of this appeal. 

 The report issued pursuant to the March 1 testing order concluded that the victim
could not be excluded as the contributor of the evidence tested. Given these results, the
trial court correctly concluded that appellant failed to show that, had the evidence been
available at trial, he would not have been convicted.

 Concluding that there was no reversible error in the proceedings below, we affirm
the judgment of the trial court and deny appellant's motion to stay his execution. 

Delivered: May 2, 2012

Do Not Publish